UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11006-RWZ

SBA NETWORK SERVICES, INC.,

    Plaintiff

v.

TOWN OF STOUGHTON, ZONING BOARD OF APPEALS OF THE TOWN OF STOUGHTON, and ORLANDO DiGIAMPIETRO, RICHARD ROMANICK, STEVEN D. MITCHELL, and SHERMAN L. EPRO, in their capacities as members of the Zoning Board of Appeals of the Town of Stoughton,

    Defendants

ANSWER

The Defendants, Town of Stoughton, Zoning Board of Appeals of the Town of Stoughton, and Orlando DiGiampietro, Richard Romanick, Steven D. Mitchell, and Sherman L. Epro, in their capacities as members of the Zoning Board of Appeals of the Town of Stoughton, hereby answer Plaintiff's Complaint as follows:

Defendants say that the first and second unnumbered paragraphs contain conclusions of law for which no answer is required.

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Paragraph 6 of the Complaint contains conclusions of law for which no answer is required.

7. Paragraph 7 of the Complaint contains conclusions of law for which no answer is required.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint; to the extent a response is required, the allegations in paragraph 8 are denied.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint; to the extent a response is required, the allegations in paragraph 9 are denied.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint; to the extent a response is required, the allegations in paragraph 10 are denied.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint; to the extent a response is required, the allegations in paragraph 11 are denied.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint; to the extent a response is required, the allegations in paragraph 12 are denied.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint; to the extent a response is required, the allegations in paragraph 13 are denied.

14. Admit.

15. Paragraph 15 of the Complaint contains conclusions of law for which no answer is required.

16. Paragraph 16 of the Complaint contains conclusions of law for which no answer is required.

17. Paragraph 17 of the Complaint contains conclusions of law for which no answer is required.

18. Admit.

19. Admit; and further answering, Defendants state that the Decision speaks for itself.

20. Deny; and further answering, Defendants state that the Decision speaks for itself.

21. Deny; and further answering, Defendants state that the Decision speaks for itself.

22. Deny; and further answering, Defendants state that the Decision speaks for itself.

23. Deny; and further answering, Defendants state that the Decision speaks for itself.

24. Defendants admit they allowed the facility at the stated address; and further answering, Defendants deny the remainder of the allegations contained in Paragraph 24 of the Complaint.

25. Deny.

26. Defendants admit that the Zoning Board of Appeals voted to deny the Applications; and further answering, Defendants deny the allegation "nonetheless".

27. Deny.

28. Deny.

## COUNT I

29. Defendants incorporate their answers set forth in paragraphs 1–28 as if set forth fully herein.

30. Paragraph 30 of the Complaint contains conclusions of law for which no answer is required; and further answering, Defendants state that the Constitution speaks for itself.

31. Paragraph 31 of the Complaint contains conclusions of law for which no answer is required.

32. Paragraph 32 of the Complaint contains conclusions of law for which no answer is required.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## COUNT II

37. Defendants incorporate their answers set forth in paragraphs 1–36 as if set forth fully herein.

38. Defendants admit they denied the application; Defendants deny that the Zoning Board of Appeals acted on behalf of the Town.

39. Deny.

40. Paragraph 40 of the Complaint contains conclusions of law for which no answer is required.

41. Deny.

42. Deny.

## FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted in that the Plaintiff lacks standing to assert a claim under the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7)(B)(i).

## THIRD DEFENSE

At all times relevant hereto, the Defendants acted within their lawful authority and discretion.

TOWN OF STOUGHTON, ET AL.,

By their attorneys,

/s/ Brian W. Riley
Brian W. Riley (BBO# 555385)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
   Town Counsel
31 St. James Avenue
Boston, MA 02116-4102
(617) 556-0007

254801/60700/0631