UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SBA NETWORK SERVICES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>TOWN OF STOUGHTON, ZONING BOARD OF APPEALS OF THE TOWN OF STOUGHTON, and ORLANDO DIGIAMPIETRO, RICHARD ROMANICK, STEVEN D. MITCHELL, and SHERMAN L. EPRO, in their capacities as members of the Zoning Board of Appeals of the Town of Stoughton,<br><br>    Defendants. | Civil Action No. 05-11006 RWZ |

## AGREEMENT FOR JUDGMENT

The undersigned parties hereby stipulate and agree that:

1. Judgment shall enter in favor of plaintiff SBA Network Services, Inc. ("SBA") on Count I of the Complaint. All other Counts are dismissed with prejudice

2. Within ten (10) business days of the entry of Judgment by the Court in accordance with this Agreement for Judgment, the Defendants shall grant all necessary special permit and variance relief ("Zoning Relief") to plaintiff SBA and the three co-applicants with SBA with respect to the application to the Stoughton Zoning Board of Appeals ("ZBA") for zoning relief, specifically Bell Atlantic Mobile Massachusetts Corporation, LTD d/b/a Verizon Wireless, Sprint Spectrum L.P. d/b/a Sprint PCS and Nextel Communications of the Mid-Atlantic, Inc. for the installation and operation of personal wireless services communications equipment on and around the existing monopole at 125 Simpson Street, Stoughton, MA. Such Zoning Relief shall

be in the form and in accordance with the conditions set forth in Exhibit A attached hereto and incorporated herein by reference.

3.  The Zoning Relief specifically authorizes SBA, subject to the structural limitations of the monopole and the requirements of the applicable provisions of the Massachusetts Building Code and any other applicable legal building or structural requirements, to allow a total of three providers of personal wireless services licensed by the Federal Communications Commission to attach to the existing monopole without additional zoning relief (i.e. by building permit only) or the payment of additional fees (except for customary and reasonable building permit application fees) and specifically includes the installation of associated equipment cabinets and necessary utility connections to allow for the installation and operation of a wireless communications facility.  Defendants acknowledge that three carriers were co-applicants with SBA with respect to the request to the ZBA for zoning relief, specifically Bell Atlantic Mobile Massachusetts Corporation, LTD d/b/a Verizon Wireless, Sprint Spectrum L.P. d/b/a Sprint PCS and Nextel Communications of the Mid-Atlantic, Inc. and it is expressly agreed that these three co-applicants and any other communications providers may use the existing monopole without further zoning relief or payment of additional fees, as provided for in this Agreement for Judgment and the judgment entered by Court under this agreement.

4.  Upon receipt of the Zoning Relief, SBA will tender a wire transfer in the amount of $50,000 to the Town of Stoughton, Massachusetts.

5.  Concurrently with the filing of this Agreement for Judgment, the parties will prepare, execute and file a Stipulation of Dismissal with prejudice in the pending related matter

of *SBA Network Services, Inc. v. Town of Stoughton, et al*, Commonwealth of Massachusetts, Norfolk Superior Court, Civil Action, No. 05-00876.

    5.    This action is otherwise dismissed with prejudice, and with the parties to each bear their own costs and fees and waiving rights of appeal.

| **THE TOWN OF STOUGHTON, *et al*.,** | **SBA NETWORK SERVICES, INC.,** |
|---|---|
| By their attorneys, | By its attorneys, |
| /s/ Patricia A. Cantor | /s/ Wayne F. Dennison |
| Brian W. Riley (BBO #555385) | Wayne F. Dennison (BBO #558879) |
| Patricia A. Cantor (BBO #072380) | **BROWN RUDNICK BERLACK ISRAELS LLP** |
| **KOPELMAN & PAIGE, P.C.** | One Financial Center |
|  Town Counsel | Boston, MA  02111 |
| 31 St. James Avenue | 617-856-8200 |
| Boston, Massachusetts  02116 | |
| (617) 556-0007 | |

Dated:  September 9, 2005

**ENTERED AND ADJUDGED:**

_____
The Honorable Rya W. Zobel,
United States District Judge


Dated:_____

260237/STOU/0631

EXHIBIT A

Subject to the following terms and conditions, the Stoughton Board of Appeals ("Board") hereby issues to SBA Network Services, Inc. ("SBA") a variance and a special permit to allow the installation of personal wireless services communications equipment and appurtenant structures (the "Facility"), as provided below, on an existing monopole tower at property located at 125 Simpson Street, Stoughton, Massachusetts, also identified as Assessor's Plan 43, Lot 33 in the Industrial Zoning District ("the Site").

1. The variance is from the Stoughton Zoning By-law, Section VI.G, Other: General Dimensional and Density Provisions #3.

2. The special permit is under the Stoughton Zoning By-law, Section V.D, Table of Use Regulations, Retail & Trade, Principal Uses, Item #21, Communications and Television tower.

3. The variance and special permit (collectively, "Zoning Relief") are issued in accordance with an Agreement for Judgment and judgment entered in settlement of litigation in *SBA Network Services, Inc. v. Town of Stoughton, et al,* United States District Court, District of Massachusetts, Civil Action, No. 05-110006- RWZ.

4. The Zoning Relief is to allow up to three providers of personal wireless services licensed by the Federal Communications Commission ("FCC") to locate personal wireless communications equipment and appurtenant structures on the existing monopole and at the Site. Any additional carriers will require a new approval.

5. A total of three FCC licensed personal wireless communications providers, which are expected to be Bell Atlantic Mobile Massachusetts Corporation, LTD d/b/a Verizon Wireless, Sprint Spectrum, L.P. d/b/a Sprint PCS, and Nextel Communications of the Mid-Atlantic, may locate their equipment on the existing monopole at the Site.

6. No permanent exterior lighting may be placed to shine on or otherwise illuminate the Facility, unless required by the Federal Aviation Administration ("FAA"). Lighting shall be limited to that needed for emergencies or as required by the FAA. Any exterior lighting placed at the base to facilitate inspection and maintenance must be turned off when the inspection/maintenance personnel are not present.

7. SBA must obtain and comply with all other (than zoning) required municipal, state, and federal permits, if any, from regulatory authorities having jurisdiction over the Facility.

8. The Facility must be fully compliant with federal and state requirements regarding radio frequency emissions.

9. Monitoring, testing, and inspection of the Facility must be in accordance with any regulations of the Massachusetts Department of Public Health and/or the FCC.  To the extent that

either of those agencies requires reporting, copies of such reports must be submitted to the Board.

10. Upon cessation of use of the Facility, it must be removed from the Site within 365 days, along with all appurtenant structures pertaining to the Facility. Within 90 days of such removal, the Site must be restored, as close as is feasible, to its condition before construction of the Facility.

11. SBA must obtain a performance bond, in the amount of $50,000, to be used for removal and site-restoration costs in the event that the Applicants fail to comply with Condition #11, above, regarding removal. The bond shall be posted with the Town Treasurer. SBA's lease with the Site's owner shall provide that, in the event that SBA does not remove the Facility within 180 days, the property owner may exercise the right to make a call on the bond and institute removal. In the event that the property owner does not notify the Town within 180 days of abandonment that he has exercised said right of removal, then the Town and its agents and employees shall have the right to enter the Site for the purpose of removing the Facility in the event that it is not removed 365 days from abandonment. SBA shall include in any lease with the property owner a provision acknowledging and confirming the Town's right to enter the Site pursuant to this provision.

12. Any fencing surrounding the Facility shall be an 8' chain link fence, with no barbed wire.

13. The Facility shall have a sign indicating the contact name and telephone number in the event of an emergency. The only other signs allowed at the Facility are no-trespassing/private property warning signs affixed to the fence and such other signs as are required by FCC regulations.

14. SBA shall execute an indemnification agreement in which the Town of Stoughton is indemnified from any liability or damage proximately resulting from the exercise of its right of entry and removal pursuant to ¶12, above.

15. SBA shall maintain Comprehensive General Liability insurance in a minimum amount of one million ($1,000,000) single claim and two million ($2,000,000) aggregate, and the Town shall be listed as an additional insured thereon (as its interests may appear).The insurance shall remain in effect for the duration of the lease term and proof of the insurance must be filed annually with the Town Clerk.

16. If the Facility is sold, transferred or leased to an entity other than SBA, the successor in interest must notify the Board and the Stoughton Town Clerk in writing, within thirty (30) days of the sale, transfer, or lease with the successor in interest's name, address, telephone number, and other contact information.

17. The conditions of this Zoning Relief are binding upon any successor in interest to SBA.

18. In the event that SBA provides space at the Facility to any FCC licensed provider of personal wireless services other than those listed above in ¶5, SBA (or its successor in interest) must notify the Board in writing, within thirty (30) days of such provision, with the new provider's name, address, telephone number, and other contact information.

-3-